IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIANA LEVY,

    Plaintiff,

  v.

STATE OF CALIFORNIA,

    Defendant.

                                 /

No. C 07-02139 JSW

**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On April 17, 2007, Plaintiff Diana Levy filed a complaint and an application to proceed *in forma pauperis*. Courts must deny *in forma pauperis* applications under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

In contravention of Federal Rule of Civil Procedure 8(a), Plaintiff failed to file a pleading setting forth the grounds upon which this Court has jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief, . . . and a demand for judgment for the relief the pleader seeks." Rather, Plaintiff's complaint is disjointed to the point of being incoherent and unintelligible. It is thus unclear to the Court the legal theories on which Plaintiff seeks relief, what relief she is, in fact, seeking, or the underlying factual basis for the suit.

Furthermore, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R.

Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case. However, federal courts have limited jurisdiction. Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

In addition, this Court lacks jurisdiction to review state court judgments. The *Rooker-Feldman* doctrine provides that district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings. *See, e.g., Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16). Where "the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented are inextricably intertwined." *Id.* (citations omitted). In such a case, the district court must not exercise jurisdiction to review the ruling of a state court.

To the extent the Court can make sense of the current submission, Plaintiff's complaint seeks, in effect, a review of some state court action. Dismissal is appropriate where the claims are inextricably intertwined with the state court proceedings regarding state court litigation.

For these reasons, Plaintiff's application to proceed *in forma pauperis* is HEREBY DENIED WITHOUT PREJUDICE and the Complaint is DISMISSED WITH LEAVE TO AMEND. If Plaintiff wishes to pursue this action, she must file an amended complaint setting forth a cognizable legal claim and some factual basis to support a claim with federal jurisdiction by June 1, 2007. Plaintiff may file a renewed application to proceed *in forma pauperis* upon filing an amended complaint. Failure to file timely an amended complaint shall result in dismissal of this action without prejudice. The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office.

In light of this Order, the date for the Case Management Conference, previously set for July 27, 2007 at 1:30 p.m., is HEREBY VACATED and will be reset by the Court at a later date, if necessary.

**IT IS SO ORDERED.**

Dated: May 10, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DIANA LEVY,

        Plaintiff,

  v.

STATE OF CALIFORNIA et al,

        Defendant.

Case Number: CV07-02139 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 10, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Diana Levy
756 Potomac
Santa Rosa, CA 95407

Dated: May 10, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk